IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | 1:15-cr-223 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| JOAN CICCHIELLO, | : | |
| Defendant. | : | |

# **ORDER**

**March 2, 2020**

AND NOW, Petitioner's Emergency Motion Not To Go Against Medical Orders, (Doc. 150), is **DENIED**.[1]

s/John E. Jones III

John E. Jones III, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[1] Petitioner was released to home confinement by the Bureau of Prisons, ("BOP"), under the CARES Act, which authorizes discretionary expanded home confinement consideration for prisoners susceptible to COVID-19. *See* Pub. L. No. 116-136, § 12003(b)(2) (2020). The CARES Act does not divest the BOP of the authority to make all decisions concerning Petitioner's confinement, and this Court thus lacks jurisdiction to alter the conditions of Petitioner's home confinement as set by the BOP. *Cordaro v. Finley*, No. 3:10-CR-75, 2020 WL 2084960, at *5 (M.D. Pa. Apr. 30, 2020). It is unclear from Petitioner's Motion whether she has effectively exhausted her remedies with the BOP as is required in 28 C.F.R. §§ 542.14-542.15. To the extent Petitioner can show she has fully exhausted her remedies with the BOP and still believes that the conditions of her confinement constitute cruel and unusual punishment in violation of the Eighth Amendment, she may file a civil habeas suit against the United States. This "emergency" motion does not vest us with the authority to alter the conditions of confinement imposed by the Bureau of Prisons.